Lisa T. Belenky (CA Bar No. 203225)
Matthew D. Vespa (CA Bar No. 222265)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 436-9682 x 309
Facsimile: (415) 436-9683
Email: lbelenky@biologicaldiversity.org
       mvespa@biologicaldiversity.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　　Plaintiff<br>　　v.<br><br>KEN SALAZAR, in his official capacity as Secretary of the Interior; and UNITED STATES FISH AND WILDLIFE SERVICE, an agency of the United States Department of the Interior,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Complaint for Declaratory and Injunctive Relief

## I. INTRODUCTION

1. In this action Plaintiff, CENTER FOR BIOLOGICAL DIVERSITY ("the Center"), challenges the failure of Defendants, KEN SALAZAR, Secretary of the Interior, and the UNITED STATES FISH AND WILDLIFE SERVICE (the "Service") (collectively "Defendants") to take required action on seven separate petitions (collectively "Petitions") to list species found in the western United States: 1) the Mount Charleston blue butterfly (*Icaricia shata charlestonensis*); 2) the California golden trout (*Oncorhynchus mykiss aguabonita*); 3) the Mojave fringe-toed lizard (*Uma scoparia*); 4) the Amargosa Toad (*Bufo nelsoni*); 5) 42 species of Great Basin springsnails (*Pyrgulopsis sp. and Tryonia sp.*); 6) the Tehachapi slender salamander (*Batrachoseps stebbinsi*); and 7) the Mohave ground squirrel (*Spermophilus Mohavensis*) (collectively "Petitioned Species") as endangered or threatened under the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA"). Plaintiff asks this Court to order Defendants to comply with the mandatory, non-discretionary deadlines set forth by the ESA for the processing of citizen petitions to list species and afford them the protection they deserve.

2. Through this action, Plaintiff seeks an order declaring that Defendants' failure to complete their statutorily-mandated duty to process the Petitions is a violation of the ESA and the Administrative Procedures Act ("APA"), 5 U.S.C. § 706. Plaintiff further seeks an order requiring Defendants to make the required findings on the Petitions by a date certain.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 2201 (declaratory relief), and 2202 (injunctive relief); 16 U.S.C. § 1540(c) and (g) (action arising under the ESA and citizen suit provision); and 5 U.S.C. § 702 (Administrative Procedure Act). As required by the ESA, 16 U.S.C. § 1540(g), Plaintiff furnished Defendants with written notice regarding the violations alleged in this Complaint more than sixty days ago. Defendants have failed to remedy the alleged violations in that time. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201.

Complaint for Declaratory and Injunctive Relief                                                                 1

4. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e) as Defendant Service maintains an office in this judicial district.

### III. PARTIES

5. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a non-profit 501(c)(3) corporation with offices in California, Nevada and elsewhere in the United States. The Center works through science, law and policy to secure a future for all species hovering on the brink of extinction. The Center's members and staff are actively involved in species and habitat protection throughout the United States, including protection of the Petitioned Species. The Center has over 42,000 members throughout the United States and the world. The Center brings this action on its own behalf and on behalf of its adversely affected members and staff.

6. The Center's members and staff include numerous individuals with a broad range of scientific, professional, educational, recreational, aesthetic, moral and spiritual interests in the Petitioned Species. In addition, the Center's members and staff continuously enjoy the biological, scientific, research, educational, conservational, recreational and aesthetic values of the Petitioned Species. Activities of Center members and staff include observing and attempting to observe the Petitioned Species. Use and enjoyment by Center members and staff of the Petitioned Species and their habitat is entirely dependent upon the existence of healthy and sustainable populations in the wild.

7. Defendants' failure to take required action regarding the Petitions has prevented the implementation of protective measures for the Petitioned Species and their habitat. Plaintiff's members and staff spend time in the habitat of the Petitioned Species and are adversely affected by Defendants' refusal to protect these species. Plaintiff's members and staff have been, are being, and unless the specific relief requested is granted, will continue to be adversely affected and injured by Defendants' refusal to take action on the Petitions. Plaintiff has no other adequate remedy at law.

8. Defendant KEN SALAZAR is the Secretary of the Interior and is sued in his official capacity. Mr. Salazar has the ultimate responsibility to enforce and implement the ESA provisions.

9. Defendant UNITED STATES FISH AND WILDLIFE SERVICE is an agency of the United States government, and is an agency within and under the jurisdiction of the Department of the Interior. Through delegation of authority from the Secretary, the Service administers and implements the ESA, and is legally responsible for the protection and management of the fish, wildlife and native plant resources of the United States through enforcement of the ESA. The Service has responsibility under the ESA over the species which are the subject of this action. The Service has failed to take required action with regard to the Petitions, and has failed to meet the statutorily-mandated deadline for processing the Petitions.

## IV. LEGAL BACKGROUND

10. The ESA is a federal statute whose purpose is to conserve endangered and threatened species and the ecosystems upon which these species depend. 16 U.S.C. § 1531(b). To this end, the ESA requires the Secretary to list as "threatened" or "endangered" those species of plants and animals that are facing extinction. 16 U.S.C. § 1533. A species is "endangered" if it "is in danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). A species is "threatened" if it "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." 16 U.S.C. § 1532(20).

11. Before the ESA can protect a species that is facing extinction, or that species' habitat, the species must be "listed" as either "threatened" or "endangered" under the Act. 16 U.S.C. § 1533(d). The "listing" process is the essential first step in the ESA's system of species protection and recovery. Once listed, the Act's substantive protections are afforded to threatened and endangered species, including the prohibition against federal actions that would jeopardize the continued existence of species in section 7 of the ESA, and the prohibition

Complaint for Declaratory and Injunctive Relief                                                                                          3

against the unlawful "take" of listed species in section 9 of the ESA. 16 U.S.C. §§ 1536(a)(2), 1538.

12. The listing process can begin either by citizen petition or by internal Service processes. In either case, a strict timeline applies once the process is initiated.

13. To the maximum extent practicable, within ninety days of receiving a petition to list a species, the Service must make a determination as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted," and publish that finding in the Federal Register. 16 U.S.C. § 1533(b)(3)(A).

14. Within one year of receiving a petition, the Secretary must issue a "twelve-month finding" making one of three determinations: (1) that the listing is "warranted," in which case the Service must also publish a proposed rule to list the species; (2) that the listing is "not warranted," in which case no further action is taken; or (3) that the listing is "warranted but precluded" by other listing actions of higher priority. 16 U.S.C. § 1533(b)(3)(B). The 12-month finding is mandatory; there is no mechanism by which the deadline to make the finding may be extended. So while the ESA provides the Secretary with some very limited flexibility as to the making of the initial 90-day finding on the petition, the Secretary must comply with the mandatory 12-month finding deadline for making one of the above listed determinations.

15. Within one year of the publication of a proposed rule to list a species, the ESA requires the Secretary to render a final determination on the proposal. 16 U.S.C. § 1533(b)(6)(A)(i). At this point, the Secretary may list the species, withdraw the proposal, or, if there is substantial disagreement about the scientific data involved, delay a final determination for up to six months to solicit more scientific information. 16 U.S.C. § 1533(b)(6)(A)(i) & (B)(i). In any case, the Secretary must make a formal finding within one year of the initial 12-month finding. 16 U.S.C. § 1533(b)(6)(A).

16. Where the Secretary has made a final determination to list a species as threatened or endangered, it must, to the maximum extent determinable, concurrently render a

Complaint for Declaratory and Injunctive Relief                                                                 4

final decision concerning the designation of critical habitat for the species. 16 U.S.C. § 1533(a)(3) & (b)(6)(C).

17. In addition to these mandated procedures, the Secretary has discretion to issue a regulation at any time to prevent an "emergency posing a significant risk to the well being of any species." 16 U.S.C. § 1533(b)(7). Such an emergency regulation remains in effect for up to 240 days, at which time the Secretary must issue a final rule to continue the protection. Id.

18. It is critical for the Service, which has been delegated the Secretary's responsibilities for listing under the ESA, to scrupulously follow the listing procedures and deadlines set forth by the ESA if species are to be protected in a timely manner; none of the ESA's protections operate to protect a species until the species is formally listed as threatened or endangered by the publication of a final rule in the Federal Register.

## V. FACTUAL BACKGROUND

### A. Mount Charleston blue butterfly

19. A petition to the Secretary requesting listing of the Mount Charleston blue butterfly as threatened or endangered under the ESA was received by the Secretary on October 20, 2005. The Mount Charleston blue butterfly is a distinctive subspecies of the wider ranging Shasta blue butterfly and is observed only at high elevations in the Spring Mountains, located approximately 25 miles (40 kilometers (km)) west of Las Vegas in Clark County, Nevada. Habitat destruction and modification are primarily threats to the Mount Charleston blue butterfly.

20. The Secretary has missed each deadline provided by the ESA for processing the petition. On May 30, 2007, nineteen months after the petition for listing on the Mount Charleston blue butterfly was submitted, the Secretary issued a 90-day finding. Notice of 90-day Petition Finding, 72 Fed. Reg. 29933 (May 30, 2007). The 90-day finding determined that "the petition presents substantial scientific or commercial information indicating that listing the Mr. Charleston blue butterfly may be warranted." Id.

21. On October 20, 2006, the deadline for a 12-month finding for the petition passed. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 12-month finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines.

22. The Secretary has yet to issue a 12-month finding for the petition to list the Mount Charleston blue butterfly as threatened or endangered under the ESA.

23. If Defendants do not act to process the petition and protect the Mount Charleston blue butterfly, the species will continue its spiral towards extinction. Although this tragedy is entirely preventable, Defendants inexplicably refuse to act.

**B.    California golden trout**

24. A petition to the Secretary requesting listing of the California golden trout as threatened or endangered under the ESA was received by the Secretary on October 23, 2000. Notice of 90-day Petition Finding and Initiation of Status Review, 67 Fed. Reg. 59241, 59241 (Sept. 20, 2002). The California golden trout is the State Fish of California and native only to two high-altitude watersheds in California's rugged Sierra Nevada Mountains. Threats to the California golden trout include habitat degradation and hybridization with non-native rainbow trout.

25. The Secretary has missed each deadline provided by the ESA for processing the California golden trout listing petition. On September 20, 2002, close to two years after the petition was submitted, the Secretary issued a 90-day finding. Id. The 90-day finding determined that "the petition presents substantial information indicating that the listing of the California golden trout may be warranted." Id.

26. On October 16, 2001 the deadline for a 12-month finding for the petition to list the California golden trout passed. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to

Complaint for Declaratory and Injunctive Relief    6

make a 12-month finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines.

27. The Secretary has yet to issue a 12-month finding for the petition to list the California golden trout as threatened or endangered under the ESA.

28. If Defendants do not act to process the petition and protect the petitioned species, the California golden trout will continue its spiral towards extinction. Although this tragedy is entirely preventable, Defendants inexplicably refuse to act.

**C.    Mojave fringe-toed lizard**

29. A petition to the Secretary requesting listing of the Armargosa River population of the Mojave fringe-toed lizard as threatened or endangered under the ESA was received by the Secretary on April 10, 2006. Notice of 90-day Petition Finding and Initiation of a Status Review, 73 Fed. Reg. 1855, 1856 (Jan. 10, 2008). Threats to the Mojave fringe-toed lizard include habitat destruction and modification by extensive Off-Highway Vehicle use.

30. The Secretary has missed each deadline provided by the ESA for processing the petition to list the Amargosa River population of the Mojave fringe-toed lizard. On January 10, 2008, seventeen months after the petition was submitted, the Secretary issued a 90-day finding. Id. The 90-day finding determined that "the petition presents substantial scientific or commercial information indicating that listing [the Amargosa River population of the Mojave fringe-toed lizard] may be warranted." Id.

31. On August 10, 2007, the deadline for a 12-month finding for the petition passed. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 12-month finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines.

32. The Secretary has yet to issue a 12-month finding for the petition to list the Armargosa River population of the Mojave fringe-toed lizard as threatened or endangered under the ESA.

Complaint for Declaratory and Injunctive Relief                                                                           7

33. If Defendants do not act to process the petition and protect the petitioned species, the species will continue its spiral towards extinction. Although this tragedy is entirely preventable, Defendants inexplicably refuse to act.

**D.  Amargosa Toad**

34. A petition to the Secretary requesting listing of the Amargosa toad as threatened or endangered under the ESA was received by the Secretary on February 27, 2008. The Amargosa toad is endemic to Oasis Valley in southern Nye County, Nevada. Threats to the Amargosa toad include present or threatened destruction, modification, or curtailment of the Amargosa toad's habitat or range, including threats to habitat by proposed Federal land sales and development projects on private land.

35. The Secretary has missed each deadline provided by the ESA for processing the petition to list the Amargosa toad. On September 10, 2009, nineteen months after the petition was submitted, the Secretary issued a 90-day finding. Notice of 90-day Petition Finding and Initiation of Status Review, 74 Fed. Reg. 46551 (Sept. 10, 2009). The 90-day finding determined that "the petition presents substantial scientific or commercial information indicating that listing [the Amargosa toad] may be warranted." Id.

36. On February 27, 2009, the deadline for a 12-month finding for the petition passed. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 12-month finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines.

37. The Secretary has yet to issue a 12-month finding for the petition to list the Amargosa toad as threatened or endangered under the ESA.

38. If Defendants do not act to process the petition and protect the petitioned species, the Amargosa toad will continue its spiral towards extinction. Although this tragedy is entirely preventable, Defendants inexplicably refuse to act.

**E.  42 Species of Great Basin Springsnails**

39. A petition to the Secretary requesting listing of 42 species of Great Basin Springsnails as threatened or endangered under the ESA was received by the Secretary on February 17, 2009. This springsnails, which depend on desert springs in California, Nevada and Utah for survival, are threatened by groundwater withdrawal, spring diversion, and livestock grazing.

40. The Secretary has missed the deadlines provided by the ESA for processing the petition to list 42 species of Great Basin springsnails. On May 17, 2009 the deadline for a 90-day finding for the petition passed. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 90-day finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines.

41. The Secretary has yet to issue a 90-day finding for the petition to list 42 species of Great Basin Springsnails as threatened or endangered under the ESA.

42. If Defendants do not act to process the petition and protect the petitioned species, the species will continue its spiral towards extinction. Although this tragedy is entirely preventable, Defendants inexplicably refuse to act.

**F.    Tehachapi slender salamander**

43. A petition to the Secretary requesting listing of the Tehachapi slender salamander as threatened or endangered under the ESA was received by the Secretary on February 28, 2006. The Tehachapi slender salamander is believe to have only two populations, one in Caliente Canyon in the southern Sierras and the other in the Tehachapi Mountains of California. The salamander is threatened by development, road construction, mining, livestock grazing, and flood-control projects.

44. The Secretary has missed each deadline provided by the ESA for processing the petition to list the Tehachapi slender salamander. On April 22, 2009, almost three years after the petition was submitted, the Secretary issued a 90-day finding. Notice of 90-day Petition Finding and Initiation of Status Review, 74 Fed. Reg. 18336 (Apr. 22, 2009). The 90-day

finding determined that "the petition presents substantial scientific or commercial information indicating that listing the Tehachapi slender salamander may be warranted." Id.

45. On February 28, 2007, the deadline for a 12-month finding for the petition to list the Tehachapi slender salamander passed. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 12-month finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines.

46. The Secretary has yet to issue a 12-month finding for the petition to list the Tehachapi slender salamander as threatened or endangered under the ESA.

47. If Defendants do not act to process the petition and protect the petitioned species, the Tehachapi slender salamander will continue its spiral towards extinction. Although this tragedy is entirely preventable, Defendants inexplicably refuse to act.

**G.     Mohave ground squirrel**

48. A petition to the Secretary requesting listing of the Mohave ground squirrel as threatened or endangered under the ESA was received by the Secretary on September 19, 2005. The Mohave ground squirrel is threatened by destruction and degradation of habitat from development, military activities, livestock grazing and Off-Highway Vehicle use.

49. The Secretary has missed the deadlines provided by the ESA for processing the petition to list the Mohave ground squirrel. On December 19, 2005 the deadline for a 90-day finding for the petition passed. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 90-day finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines.

50. The Secretary has yet to issue a 90-day finding for the petition to list the Mohave ground squirrel as threatened or endangered under the ESA. Because of Defendants' failure to make the required 90-day finding in a timely manner, it is now impossible for Defendants to comply with the mandatory 12-month finding deadline for the petition.

Complaint for Declaratory and Injunctive Relief                                                                                  10

51. If Defendants do not act to process the petition and protect the petitioned species, the Mohave ground squirrel will continue its spiral towards extinction. Although this tragedy is entirely preventable, Defendants inexplicably refuse to act.

## VI. CLAIM FOR RELIEF

### First Claim for Relief

**(Failure to Make a Timely 12-Month Finding on
Petition to List Mount Charleston Blue Butterfly)**

52. Each and every allegation set forth in this Complaint is incorporated herein by reference as if set forth in full.

53. The Secretary's failure to make a timely 12-month finding on the petition to list the Mount Charleston blue butterfly as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

### Second Claim for Relief

**(Failure to Make a Timely 12-Month Finding on
Petition to List California Golden Trout)**

54. Each and every allegation set forth in this Complaint is incorporated herein by reference as if set forth in full.

55. The Secretary's failure to make a timely 12-month finding on the petition to list the California golden trout as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's

failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

### Third Claim for Relief

### (Failure to Make a Timely 12-Month Finding on Petition to List Mojave Fringe-toed Lizard)

56. Each and every allegation set forth in this Complaint is incorporated herein by reference as if set forth in full.

57. The Secretary's failure to make a timely 12-month finding on the petition to list the Mojave fringe-toed lizard as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

### Fourth Claim for Relief

### (Failure to Make a Timely 12-Month Finding on Petition to List Amargosa Toad)

58. Each and every allegation set forth in this Complaint is incorporated herein by reference as if set forth in full.

59. The Secretary's failure to make a timely 12-month finding on the petition to list the Amargosa toad as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to

comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

**Fifth Claim for Relief**

**(Failure to Make a Timely 90-Day Finding on
Petition to List 42 Species of Great Basin Springsnails)**

60.  Each and every allegation set forth in this Complaint is incorporated herein by reference as if set forth in full.

61.  The Secretary's failure to make a timely 90-day finding on the petition to list 42 species of Great Basin springsnails as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(A) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

**Sixth Claim for Relief**

**(Failure to Make a Timely 12-Month Finding on
Petition to List Techachapi Slender Salamander)**

62.  Each and every allegation set forth in this Complaint is incorporated herein by reference as if set forth in full.

63.  The Secretary's failure to make a timely 12-month finding on the petition to list the Techachapi slender salamander as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in

accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

### Seventh Claim for Relief

### (Failure to Make a Timely 90-Day Finding on Petition to List Mohave Ground Squirrel)

64. Each and every allegation set forth in this Complaint is incorporated herein by reference as if set forth in full.

65. The Secretary's failure to make a timely 90-day finding on the petition to list the Mohave ground squirrel as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(A) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

### VII. PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff respectfully request that the Court:

1. Declare that Defendants are in violation of their mandatory duty under the ESA to make, and to publish in the Federal Register, a 12-month finding on the petition to list the Mount Charleston blue butterfly;

2. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 12-month finding on the petition to list the Mount Charleston blue butterfly by a date certain;

3. Declare that Defendants are in violation of their mandatory duty under the ESA to make, and to publish in the Federal Register, a 12-month finding on the petition to list the California golden trout;

4. Provide preliminary and permanent injunctive relief compelling Defendants to

publish in the Federal Register a 12-month finding on the petition to list the California golden trout by a date certain;

5. Declare that Defendants are in violation of their mandatory duty under the ESA to make, and to publish in the Federal Register, a 12-month finding on the petition to list the Mojave fringe-toed lizard;

6. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 12-month finding on the petition to list the Mojave fringe-toed lizard by a date certain;

7. Declare that Defendants are in violation of their mandatory duty under the ESA to make, and to publish in the Federal Register, a 12-month finding on the petition to list the Amargosa toad;

8. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 12-month finding on the petition to list the Amargosa toad by a date certain;

9. Declare that Defendants are in violation of their mandatory duty under the ESA to make, and to publish in the Federal Register, a 90-day finding on the petition to list 42 species of Great Basin springsnails;

10. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 90-day finding on the petition to list 42 species of Great Basin springsnails by a date certain and a 12-month finding by a date certain thereafter;

11. Declare that Defendants are in violation of their mandatory duty under the ESA to make, and to publish in the Federal Register, a 12-month finding on the petition to list the Tehachapi slender salamander;

12. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 12-month finding on the petition to list the Tehachapi slender salamander by a date certain;

13. Declare that Defendants are in violation of their mandatory duty under the ESA

to make, and to publish in the Federal Register, a 90-day finding on the petition to list the Mojave ground squirrel;

14. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 90-day finding on the petition to list the Mohave ground squirrel by a date certain and a 12-month finding by a date certain thereafter;

15. Retain continuing jurisdiction to review Defendants' compliance with all judgments and orders herein;

16. Make such additional judicial determinations and enter such additional orders as may be necessary to effectuate the foregoing;

17. Award Plaintiffs their costs of litigation, including reasonable attorneys' fees; and

18. Provide such other relief as the Court deems just and proper.

Respectfully submitted,

DATED: February 17, 2010

/s/ Matthew D. Vespa
Matthew D. Vespa (CA Bar No. 222265)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 436-9682 x 309
Email: mvespa@biologicaldiversity.org

Attorney for Plaintiff